[Crim. Nos. 2819, 2817.   Third Dist.   Dec. 24, 1958.]

THE PEOPLE, Respondent, v. HERMAN KLEIN, Appellant.

[Two Cases.]

James B. Thompson, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

VAN DYKE, P. J.—These are appeals from, (1) a judgment of conviction of perjury entered by the trial court sitting without a jury, and (2) from a judgment entered upon a jury's

verdict which found appellant guilty of burglary of the second degree. Since the perjury for which appellant was indicted occurred at a former trial on the charge of burglary of which he stands convicted, both appeals will be disposed of by this one opinion.

Upon appellant's request for counsel this court appointed James B. Thompson, Esq., an attorney at law, to represent appellant on both appeals. Mr. Thompson has reported that he finds no merit in either. Nevertheless, we have made an independent review of the records.

It appears that in each case appellant was represented by counsel in the court below and was, at all proper times, advised of his constitutional rights.

At the trial on the charge of burglary appellant took the stand and admitted that at a former trial he not only had testified falsely as to his whereabouts on the night of the burglary, but had induced three of his friends to falsely corroborate his alibi. Subsequent to that trial an indictment charging appellant with perjury was returned by the grand jury. Thereto appellant first entered a plea of not guilty, but, upon the request of appellant and his counsel later, he was permitted to withdraw that plea and he thereupon pleaded guilty.

There is absolutely no ground presented by the record for an appeal from the judgment of conviction of perjury.

With reference to the burglary charge of which appellant was convicted, it appears that on the night of Saturday, January 5, 1957, a body and fender shop, which adjoined appellant's auto wrecking establishment, was burglarized by a Mr. Howse and a Mr. McDonald who implicated appellant as their accomplice. Mr. Howse and Mr. McDonald had, just before the burglary, been introduced to appellant by the latter's employee, Mr. Mays, who testified that he brought the parties together for the purpose of planning the burglary which appellant wanted perpetrated in order to put the body and fender shop out of business as there was ill feeling between him and the proprietor thereof. Incredible as this may appear, the jury were entitled to give credence to that testimony and disregard appellant's conflicting version as to the reason for his meeting with Mr. Howse and Mr. McDonald. Further, while in jail appellant wrote some notes from which an inference of guilt might be drawn. The notes were introduced in evidence but need not be quoted herein. Also the jury had before it appellant's admission of perjury committed by him on his first

trial on the burglary charge and his admitted subornation of perjury. Consequently, the verdict does not lack evidentiary support. A review of the record establishes that there were no errors in the admission or rejection of testimony and that the jury was fully and fairly instructed. Therefore, there is no merit in the appeal from the judgment entered upon the jury's verdict.

The judgment in each case is affirmed.

Peek, J., and Schottky, J., concurred.